NANCY SMITH v. MILO CURTICE.[*]

FILED JANUARY 18, 1905. No. 13,699.

Ejectment. In ejectment, plaintiff must recover, if at all, on the strength of his own title.

ERROR to the district court for Gosper county: GEORGE W. NORRIS, JUDGE. *Affirmed.*

*Warrington & Stewart* and *E. A. Cook*, for plaintiff in error.

*J. O. Middleton, O. E. Bozarth, J. L. White, A. M. White* and *Wilson & Brown*, contra.

OLDHAM, C.

This was a suit in ejectment. Plaintiff in the court below, who is also plaintiff in error in this court, alleged, in substance, that she was the owner of the north half of the

[*] Rehearing allowed. See opinion, p. 169, *post.*

northeast quarter of section 32, township 8 north, of range 21 west, Gosper county, Nebraska, and that the defendant was the owner of the southeast quarter of section 29 in the same township, range and county; that defendant is in possession of a strip of land owned by plaintiff, which is described by metes and bounds, and which is a part of plaintiff's half section. Defendant answered, admitting that he was the owner of the southeast quarter of section 29, as alleged in plaintiff's petition, and denying each and every other allegation of the petition. There was a trial to a jury in the court below, verdict for defendant, judgment on the verdict, and plaintiff brings error to this court.

This contest apparently arose over a dispute as to the location of the original government corner at the northeast corner of section 32 and was tried by plaintiff on the theory that this was the only issue tendered by the pleadings. But defendant by his general denial put in issue both plaintiff's' title and right to the immediate possession of the land in dispute; consequently, it devolved on plaintiff to recover on the strength of her title, and the only evidence contained in the bill of exceptions tending to support plaintiff's claim to the north half of the northeast quarter of section 32 is a sheriff's deed from F. F. Dunn, as sheriff of Gosper county, dated the 11th day of March, 1898, conveying to plaintiff all the right, title and interest of William Shryer and Mary E. Shryer in and to said premises, under an order of sale in a mortgage foreclosure proceeding. But there is no evidence introduced to establish any title in William Shryer and Mary E. Shryer to the land at the time of this judicial sale. Under this state of the record, plaintiff has not shown either title or right to the immediate possession of the premises in controversy. Consequently, the verdict rendered and the judgment entered by the trial court are the only ones that could be sustained under the evidence, and, this being the case, we are relieved from reviewing any of the alleged errors called to our attention in the brief of plaintiff in error

with reference to either the giving or the refusing of instructions, or the admission or exclusion of evidence.

We therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed January 3, 1906. *Judgment of affirmance adhered to:*

1. Instructions: REVIEW. Action of the trial court in giving and refusing instructions examined, and *held* not prejudicial.

2. Evidence: REVIEW. Action of the trial court in admitting evidence examined, and *held* not prejudicial.

OLDHAM, C.

In the brief filed in support of a motion for a rehearing in this case, our attention is called to the fact that, while it is true, as set forth in the original opinion, that plaintiff in this action failed to connect the title of William and Mary Shryer with a patent issued from the general government, yet the testimony of a witness produced by the defendant in the trial of the cause does tend to connect plaintiff's chain of title with a patent from the United States government. Plaintiff having thus shown herself to be the owner and entitled to the immediate possession of the north half of the north half of section 32, township 8, range 21, in Gosper county, Nebraska, we will proceed to examine the allegations of error contained in her brief.

As stated in plaintiff's brief, the sole question at issue is the location of the original section corner at the northeast corner of section 32, as above described. Plaintiff claims no ownership beyond the line separating section 32 from section 29 of the same township and range. Defendant

claims nothing beyond the southeast quarter of section 29. The corners east and west of the disputed corner are not in dispute. Plaintiff attempted to establish by parol proof the existence of the original government monuments at the corner for which she contended. Defendant relied on a corner fixed by subsequent surveys, and introduced evidence tending to discredit the proof of the original markings at the place contended for by the plaintiff. Neither of the corners correspond fully with the description of the government field notes, so the question involved was peculiarly one of fact for the determination of the jury.

The brief of the plaintiff in error is chiefly devoted to a criticism of the action of the trial court in giving and refusing instructions. The first paragraph of the instructions is criticised for being indefinite and not clearly stating the issues. While the instruction is not a model for brevity and precision, yet there is nothing in it in anywise prejudicial to the plaintiff, and it closes by directing the attention of the jury to the only question at issue in the following language:

"The main question in dispute and the one for you to determine is whether the tract of land in dispute, containing 12½ acres, belongs to the north half of the northeast quarter of section 32 or to the southeast quarter of section 29, in said township and range.".

This instruction is followed by another properly placing the burden of proof upon the plaintiff to establish the land in dispute as a part of section 32, and in the following paragraph the court told the jury:

"If it has been shown to you by a preponderance of the evidence that the mounds and pits claimed by the plaintiff as a government corner, and known in this case as the Smith corner, was the place where the United States surveyors originally located the section corner, then you must recognize this corner as the true corner between said sections regardless as to whether it might agree or disagree with any subsequent surveys. In other words, if the government corners can be found, and you find from the evi-

dence that they were so found and established, they settle the question of the boundary line between these lands in dispute, no matter what effect it might have on the case, or on the land in dispute, and no matter whether this corner agrees with the government field notes or not."

These instructions, we think, fairly and fully cover every contention insisted upon by the plaintiff in the court below, and justified the trial court in refusing instructions embodying the same principles, which were requested by the plaintiff.

We have examined the allegations of error in the admission of testimony, and find nothing in that regard which could have been prejudicial to plaintiff.

We therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the former judgment of this court is adhered to.

AFFIRMED.